*Decision will be entered under Rule 50.*

UNITED ICE & COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21648. Promulgated March 26, 1929.

*Paul C. Smith, Esq.*, and *Guy J. Swope, C. P. A.*, for the petitioner.
*Eugene Meacham, Esq.*, and *C. E. Lowery, Esq.*, for the respondent.

OPINION.

SMITH: In 1922 the petitioner realized a profit of $65,677.39 upon the sale of 1,200 shares of the capital stock of Merchants Ice Co. In its income-tax return for 1922, filed upon the basis that it was affiliated with the Merchants Ice Co. until it disposed of its stock in that company, it returned a profit of $23,818.12 on the sale. It now contends that under the decisions of the Board of Tax Appeals in *Farmers Deposit National Bank*, 5 B. T. A. 520; *H. S. Crocker Co.*, 5 B. T. A. 537; *Baker-Vawter Co.*, 7 B. T. A. 594; *Remington Rand Inc.*, 11 B. T. A. 773; and in *United Drug Co.* v. *Nichols*, 21 Fed. (2d) 160, it is not liable to income tax in respect of any portion of the profit of $65,677.39.

The first question presented by this proceeding is whether the petitioner and the Merchants Ice Co. were affiliated for the portion of 1922 during which the petitioner owned 1,200 shares of stock of the Merchants Ice Co. The evidence indicates that the petitioner

owned substantially the same percentage of the stock of the Merchants Ice Co. during the years 1919, 1920, and 1921 as it owned from January 1, 1922, to the date of the sale of that stock in 1922, and that the respondent permitted the two corporations to file consolidated returns for the calendar years 1919, 1920, and 1921. The instant proceeding involves a deficiency for only the year 1922, and the fact that the respondent permitted or required the petitioner and the Merchants Ice Co. to file consolidated returns for prior years is not determinative of the question of the affiliation of the corporation for 1922. Section 240(c) of the Revenue Act of 1921 provides:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

During the period of 1922 in which the petitioner was the owner of shares of stock of the Merchants Ice Co. it owned 81.466 per cent of the stock of that company. There is no evidence that it controlled " through closely affiliated interests " any of the stock of the Merchants Ice Co. which it did not own outright. The question presented is therefore whether 81.466 per cent of the total shares of stock is substantially all of the stock within the meaning of the statute.

The question of what constitutes substantially all of the stock of a corporation was before the Circuit Court of Appeals for the Second Circuit in *Commissioner* v. *Adolph Hirsh & Co.*, 30 Fed. (2d) 645, and *Ice Service Corporation* v. *Commissioner*, 30 Fed. (2d) 230. The purpose of Congress in permitting corporations to file consolidated returns was that corporations which were so closely connected that they constituted a single business unit, should be taxed as a business unit. The record in the instant proceeding does not show any shifting of profits from one corporation to the other. So far as the year 1922 is concerned it is shown that there were no dealings between the two corporations. We think in the circumstances that the ownership by the petitioner of 81.466 per cent of the stock of the Merchants Ice Co. was not an ownership of substantially all of the stock of that company and that within the decisions of the Circuit Court of Appeals above cited the corporations were not affiliated for the year 1922. The petitioner realized a profit upon the sale of its stock in the subsidiary corporation of $65,677.39. No portion of this profit accrued to the Merchants Ice Co. and we see no reason why petitioner should not be held liable for the tax due upon the profit.

*Judgment will be entered for the respondent.*